**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**VICTORIA PRICE**,
individually and on behalf of all
others similarly situated,

        Plaintiff,
  **v.**

**VITA LOCATORS, LLC**,

        Defendant.

---

**INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT
AND JURY DEMAND**

---

Plaintiff Victoria Price ("Price"), individually and on behalf of all others similarly situated, by and through her attorneys at HKM Employment Attorneys, LLP and the Sawaya & Miller Law Firm, brings this Individual, Collective and Class Action Complaint and Jury Demand ("Complaint") against Defendant VITA Locators, LLC ("VITA," or "the Company"), and states as follows:

**NATURE OF THE CASE**

1. Price alleges that VITA violated her rights, and the rights of other, similarly-situated employees ("Class Members") by failing to pay them wages, minimum wages, and overtime compensation in violation of Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Claim Act, C.R.S. § 8-4-101 et *seq*., the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq*., the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-2019), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1

1

(2020) (collectively, "Colorado Wage and Hour Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. At all times relevant to this Complaint, VITA had a policy or practice of paying Price and the Class Members on a commission-only basis. As a result of this policy/ practice, VITA failed to pay Price and the Class Members wages, minimum wages, and overtime compensation for all of the hours that they worked.

3. In addition, VITA violated Colorado Wage and Hour Law by generally failing to provide Price and the Class Members with compensated 10-minute rest periods. 7 C.C.R. 1103-1:8 (2017-19); 7 C.C.R. 1103-1, Rule 5 (2020).

4. VITA also failed to pay Price wages that were due to her at the time of her termination, as required by Colorado Wage and Hour Law. *See* C.R.S. § 8-4-109.

5. VITA's violations of Colorado Wage and Hour Law and the FLSA were willful.

6. Price brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all Class Members who were not paid federal minimum wages and/or overtime compensation as required by the FLSA ("FLSA Collective").

7. Price also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all Class Members who were not paid earned wages, Colorado minimum wages, and overtime compensation, or provided with compensated 10-minute rest periods required under Colorado Minimum Wage and Hour Law ("Rule 23 Class").

8. Price seeks unpaid wages, minimum wages, overtime compensation, liquidated damages, statutory penalties, injunctive and declaratory relief, costs, reasonable attorney's fees,

2

and other appropriate relief for herself and the Class Members.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

10. This Court may exercise supplemental jurisdiction over Price's and the Class Members' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## PARTIES

12. Plaintiff, Victoria Price, is a resident of Colorado and former employee of VITA. Price worked as an apartment locator for VITA from September 4, 2017 through December 31, 2018. Price signed an FLSA Consent Form to join this lawsuit. *See* Plaintiff's FLSA Consent Form, Exhibit 1.

13. Defendant, VITA Locators LLC is, and at all times relevant to this Complaint was, a Colorado limited liability company with a principal office at 2001 Lincoln Street, Apartment 1420, Denver, Colorado 80202.

14. VITA is, and at all times relevant to this Complaint was, an "employer" within the meaning of the FLSA, 209 U.S.C. § 203(d).

15. VITA is, and at all times relevant to this Complaint was, an "employer" of Price and the Class Members under Colorado Wage and Hour Law. C.R.S. § 8-4-101(6).

3

## GENERAL ALLEGATIONS

16. VITA is in the business of matching renters with apartment complexes that have vacancies. VITA makes money by charging landlords a percentage of renters' first month's rent.

17. VITA is engaged in interstate commerce: the services it provides and the equipment it uses travel across state lines.

18. On information and belief, VITA did business of $500,000.00 or more each year in 2017, 2018, and 2019.

19. VITA employs individuals as apartment locators ("Locators") to match VITA's customers with apartment complexes by communicating with such customers on the phone and through e-mail. In addition, Locators are required to constantly post VITA's apartment listings on Craigslist.com on behalf of the Company.

20. During the period from June 16, 2017 to the present ("Relevant Period"), VITA generally employed 14-16 Locators at any given time.

21. VITA employed at least 25 Locators ("Class Members") during the Relevant Period.

22. VITA generally required Price and the Class Members to work at its offices from 9:00 a.m. to 4:00 p.m. four days per week throughout most of Price's employment.

23. Price and the Class Members were permitted to work from home one weekday each week, but were expected to work at least 9:00 a.m. to 4:00 p.m. on the day that they worked from home.

24. On every or almost every day of the week, Price and the Class Members were required to follow up with VITA's customers, respond to text and e-mail messages from VITA,

4

and constantly post VITA's apartment listings on Craiglist.com.

25. Price and the Class Members performed these duties prior to and after their regular 9:00 a.m. to 4:00 p.m. shifts each weekday, and on weekends.

26. Price and the Class Members were usually not able to take 10-minute rest breaks on the days that they worked in the office. Nor did they generally have duty-free lunch breaks on those days.

27. Price and the Class Members generally worked at least 50 hours per week throughout their respective periods of employment with VITA.

28. The Locators sometimes worked more than 12 hours per day.

29. At all times during the Relevant Period, VITA classified Price and the Class Members as 1099 employees and accordingly, Price and the Class Members were deprived of benefits to which employees are entitled, including but not limited to minimum wages, overtime, tax benefits, and other benefits.

30. Price and the Class Members should have been classified as regular, W-2 employees because they were subject to the control of VITA and economically dependent on the Company.

31. The Locators were required to report to work on fixed schedules, and to follow policies, practices, and procedures established by VITA.

32. Price and the Class Members were required to ask customers standardized questions, and to fill in forms provided by VITA.

33. VITA required Price and the Class Members to follow up with customers indefinitely until they rented an apartment listed by VITA.

5

34. VITA also required Price and the Class Members to flood Craigslist with dozens of (often duplicative) advertisements on a daily basis.

35. Each Locator had to spend hours flooding Craigslist for VITA every day.

36. None of VITA's customers paid any money to Price and the Class Members.

37. The rates of pay of Price and the Class Members were determined solely by VITA, without any input from Price and the Class Members.

38. At all times during the Relevant Period, Price and the Class Members were engaged in VITA's primary, if not only, business.

39. The work of Price and the Class Members was integral and essential to VITA, since the Company could not function without employees to match renters with apartment complexes, or without employees to flood Craigslist with VITA advertisements.

40. Price and the Class Members generally worked on computers and other equipment provided by VITA.

41. Price's and the Class Members' duties were supposed to be accomplished using software provided by the Company.

42. Each Locator worked from VITA's e-mail server, from a company e-mail address that was issued by the Company.

43. At all times during the Relevant Period, Price and the Class Members were economically dependent on VITA. VITA did not allow them to work for other employers during their periods of employment with the Company.

44. Price and the Class Members were not employed on a temporary or piecemeal basis. They were required to work regular schedules and to perform all of their work duties as instructed

6

by the Company.

45. At all times during the Relevant Period, VITA had a policy or practice of paying Locators on a commission-only basis. The Company did not pay Price and the Class Members an hourly wage rate, nor did it pay them overtime premiums for hours that they worked in excess of 40 per week and/or 12 per day, and/or 12 per shift.

46. Also during the Relevant Period, VITA did not provide Price and the Class Members with compensated 10-minute rest periods, as required by Colorado Wage and Hour Law.

47. During the first eight weeks of Price's employment, for example, Price worked at least 50 hours each week, for a total of at least 400 hours.

48. Price was not paid anything at all during the first eight weeks of her employment, from September 4, 2017 to November 2, 2017, when she received a check for only $435.00.

49. As another example, during November of 2018, Price worked at least 50 hours per week, totaling at least 200 hours of work. However, Price was not paid anything by VITA from November 3, 2018 to December 6, 2018.

50. During the days that Price worked at VITA's offices, she did not receive compensated 10-minute breaks, and she observed that the other Locators did not receive such breaks, either.

51. At the time her employment was terminated, Price was owed at least $16,217.00 in commissions, which she was never paid.

52. Plaintiff sent a demand for payment of unpaid wages in compliance with C.R.S. § 8-4-109. VITA is therefore on actual notice that Plaintiff and other similarly situated employees are due unpaid wages resulting from VITA's illegal pay policies and practices.

53. This Complaint further puts VITA on constructive or implied notice that Plaintiff and all of VITA's similarly situated employees are also due unpaid wages resulting from VITA's illegal pay policies and practices.

54. After 14 days lapsed following Plaintiff's demand for payment of unpaid wages, VITA failed to pay Plaintiff the demanded wages. This allegation is subject to amendment should VITA in fact make a legal tender of what it owes Plaintiff and the similarly-situated employees.

55. At all times relevant to this Complaint, VITA was or should have been aware of the requirements of the FLSA and Colorado Wage and Hour Law, but nevertheless failed to pay Price and the Class Members wages, minimum wages, and overtime compensation for all of the hours that they worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56. Price brings this action pursuant to 29 U.S.C. § 216(b) on her behalf of herself and the following FLSA collective:

> **All individuals who worked at VITA as Locators from June 16, 2017 to the present.**

("FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

57. Price and the FLSA Collective Members are similarly situated under the FLSA in that: (a) they all worked or work in similar positions as Locators; (b) they were all subject to the same policy or practice of commission-only pay; and (c) their claims are all based upon the same legal theories.

58. Price has signed an FLSA Consent to join this action, which is filed herewith as Exhibit 1.

8

## RULE 23 CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of the following Class:

> **All individuals who worked at VITA as Locators from June 16, 2017 to the present.**

("Rule 23 Class"). Plaintiff reserves the right to amend this definition if necessary.

60.     The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class Members in this case would be impractical. Plaintiff reasonably estimates that there are at least 30 Rule 23 Class Members.

61.     There is a well-defined community of interest among the Rule 23 Class Members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether VITA had a common policy or practice of paying Class Members on a commission-only basis;

   b. Whether, based on its policy or practice of paying Class Members on a commission-only basis, VITA failed to pay Class Members the applicable Colorado minimum wages;

   c. Whether VITA had a common policy or practice of failing to pay Class Members overtime compensation for hours they worked over 40 per week, 12 per day, and/or 12 per shift;

   d. Whether VITA generally failed to authorize and permit compensated 10-minute rest periods mandated by Colorado Wage and Hour Law;

   e. Whether VITA's policies and practices at issue in this case violated Colorado Wage and Hour Law;

   f. Whether VITA's violations of Colorado Wage and Hour Law were willful; and

   g. Whether the Class Members were harmed by VITA's violations of Colorado Wage and Hour Law.

62. Plaintiff's claims are typical of those of the Rule 23 Class in that she is owed wages, minimum wages, and overtime compensation for VITA's violations of Colorado Wage and Hour Law. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class Members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class Members.

63. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

64. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in multiple state and federal courts.

65. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case.

66. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.

67. Moreover, because VITA acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201, *et seq*.

*On behalf of Price and the FLSA Collective*

68. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

69. At all times relevant to this action, VITA was an "employer" and an enterprise engaged in commerce under 29 U.S.C. § 203(d) and 29 U.S.C. § 203(s) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

70. At all times relevant to this action, Price and the FLSA Collective Members were "employees" of VITA within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

71. Under the FLSA, VITA was required to pay Price and the FLSA Collective Members the federal minimum wage of $7.25 per hour for all of the hours that they worked at or under 40 per week. 29 U.S.C. § 206.

72. At all times during the Relevant Period, VITA had a policy or practice of paying Price and the FLSA Collective Members on a commission-only basis. As a result of this policy or practice, VITA did not pay the Locators the federal minimum wage for all of the hours that they

11

worked.

73. Because VITA was or should have been aware of the minimum wage requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay Price and the FLSA Collective Members the federal minimum wage, VITA's violations of federal law were willful.

74. Based on VITA's violations of the FLSA, Price and the FLSA Collective Members are entitled to unpaid minimum wages, liquidated damages, reasonable attorney's fees, and the costs of this litigation.

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201, *et seq*.

*On behalf of Price and the FLSA Collective*

75. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

76. The FLSA required VITA to pay its Locators overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 per week during the Relevant Period. 29 U.S.C. § 207.

77. During the Relevant Period, Price and the FLSA Collective Members generally worked 50 hours or more per week.

78. At all times during the Relevant Period, VITA had a policy or practice of paying Price and the FLSA Collective Members on a commission-only basis. As a result of this policy or practice, VITA failed to pay the Locators a regular rate of pay, and did not pay them an overtime

12

premium of any kind for the hours they worked over 40 per week.

79. Because VITA was or should have been aware of the overtime requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay Price and the FLSA Collective Members overtime compensation, VITA's violations of federal law were willful.

80. Based on VITA's violations of the FLSA, Price and the FLSA Collective Members are entitled to unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this litigation.

## COUNT III

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW

Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)

*On behalf of Price and the Rule 23 Class*

81. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

82. At all times during the Relevant Period, VITA was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1:2 (2017-19); 7 C.C.R. 1103-1 (2020).

83. At all times during the Relevant Period, Price and the Rule 23 Class Members were "employees" subject to the protections of Colorado Wage and Hour Law. C.R.S. § 8-4-101(5).

84. Colorado Wage and Hour Law provides:

> All wages or compensation, other than those mentioned in section 8-4-109, earned by any employee in any employment, other than those specified in subsection (3) of this section, shall be due and payable for regular pay periods of no greater duration than one calendar month or thirty days, whichever is longer, and on regular paydays no later than ten days following the close of each pay period unless the employer and the employee shall mutually agree on any other alternative period of wage or salary payments.

C.R.S. § 8-4-103.

85. Colorado Wage and Hour Law required VITA to pay its Locators minimum wage rates of: $9.30 per hour for hours worked in 2017; $10.20 per hour for hours worked in 2018; and $11.20 per hour for hours worked in 2019; and $12.00 per hour for hours worked in 2020. 7 C.C.R. 1103-1 (2017); 7 C.C.R. 1103-1 (2018); 7 C.C.R. 1103-1 (2019); 7 C.C.R. 1103-1 (2020).

86. Due to VITA's policy or practice of paying Locators on a commission-only basis, the Company did not pay Price and the Rule 23 Class Members minimum wages for all of the hours that they worked within 10 days of any regular pay period.

87. Because VITA was aware, or should have been aware, of the minimum wage requirements of Colorado Wage and Hour Law, but failed to pay Price and the Rule 23 Class Members minimum wages, the Company's violations of Colorado Wage and Hour Law were willful.

88. Price sent a demand to VITA on behalf of herself and the Rule 23 Class Members pursuant to C.R.S. § 8-4-109, but the Company refused to tender any money in response to the demand.

89. Based on VITA's violations of Colorado Wage and Hour Law, Defendant is liable for unpaid wages, minimum wages, statutory penalties, additional penalties for the willfulness of its actions, reasonable attorney's fees and costs.

## COUNT IV

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW**

Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)

*On behalf of Price and the Rule 23 Class*

90. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

91. Price and the Rule 23 Class Members generally worked more than 40 hours per week during their respective periods of employment with VITA, and sometimes worked more than 12 hours per day.

92. Colorado Wage and Hour Law required VITA to pay its Locators one and one-half times their regular rates of pay for all of the hours they worked in excess of 40 per week, 12 per day, and/or 12 per shift. 7 C.C.R. 1103-1, Rule 4 (2020); 7 C.C.R. 1103-1:4 (2017-19).

93. Due to its policy of paying Locators on a commission-only basis, VITA failed to pay the Rule 23 Class Members a regular rate of pay, and did not pay them any kind of overtime premium for the hours they worked over 40 per week, 12 per day, and/or 12 per shift.

94. Because VITA was aware, or should have been aware, of the overtime requirements of Colorado Wage and Hour Law, but failed to pay Price and the Rule 23 Class Members overtime compensation, the Company's violations of Colorado Wage and Hour Law were willful.

95. Based on VITA's violations of Colorado Wage and Hour Law, Defendant is liable for unpaid overtime compensation, statutory penalties, additional penalties for the willfulness of

15

its actions, reasonable attorney's fees and costs.

## COUNT V

### FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF COLORADO WAGE AND HOUR LAW

Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)

*On behalf of Price and the Rule 23 Class*

96. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

97. Colorado Wage and Hour Law required VITA to "authorize and permit" compensated 10-minute rest periods to each Locator for every period that the Locator worked over two hours. 7 C.C.R. 1103-1, Rule 5 (2020); 7 C.C.R. 1103-1:8 (2017-19).

98. VITA violated Colorado Wage and Hour Law by generally failing to provide compensated 10-minute rest periods to Price and the Rule 23 Class Members.

99. Because VITA was aware, or should have been aware, of the rest period requirements of Colorado Wage and Hour Law, but failed provide Price and the Rule 23 Class Members with rest periods, the Company's violations of Colorado Wage and Hour Law were willful.

100. Based on VITA's violations of Colorado Wage and Hour Law, Defendant is liable for unpaid wages, minimum wages, statutory penalties, willfulness penalties, reasonable attorney's fees and costs.

## COUNT VI

### FAILURE TO PAY WAGES DUE IN VIOLATION
### COLORADO WAGE AND HOUR LAW

C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7    C.C.R. 1103-1 (2019)

*On behalf of Price individually*

101. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

102. Price performed services as a Locator including providing information to customers that then used the information to rent apartment properties.

103. VITA agreed to pay Price for these duties on a commission basis.

104. VITA failed to pay Price commissions for the performance of these duties.

105. VITA owes Price at least $16,217.00 in such commissions.

106. These commissions were earned, vested and determinable during Price's employment, and thus VITA was obligated to pay these commissions to Price.

107. VITA's failure to pay Price her owed commissions was willful.

108. Plaintiff is therefore entitled to recover unpaid commissions, all applicable penalties, statutory damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the similarly situated FLSA Collective and Rule 23 Class, prays for the following relief:

A.    At the earliest possible time, the Court conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and permit Plaintiff to notify all affected persons that an

action asserting FLSA claims has been filed, of the nature of the action, and of their right to join the suit;

B.   At the earliest possible time, the Court certify this case as a class action pursuant to Fed. R. Civ. P. 23 and permit Plaintiff to notify all affected persons that an action asserting Colorado Wage and Hour Law claims has been filed, of the nature of the action, and of their rights in regard to the suit;

C.   Declare that VITA violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action; that VITA's violations were willful; that a three year statute of limitations applies to the FLSA Collective; that Plaintiff and other similarly situated persons are entitled to be paid overtime compensation for work in excess of 40 hours per week; and that the amount of unpaid time worked and overtime wages to which Plaintiff and others similarly situated are entitled is to be doubled as liquidated damages and awarded to them;

D.   Declare that VITA violated Colorado Wage and Hour Law by failing to pay regular wages, minimum wages, and overtime compensation to Plaintiff and the Rule 23 Class Members; that VITA failed to pay Plaintiff and Rule 23 Class Members their outstanding wages within 14 days of a written demand for same; and that VITA acted willfully in violating Colorado Wage and Hour Law;

E.   Grant Plaintiff, all FLSA Collective Members, and all Rule 23 Class Members a permanent injunction enjoining VITA, and all those acting in concert with VITA at VITA's direction, from engaging in the policies and practices which violate the FLSA and Colorado Wage and Hour Law;

F.  Award Plaintiff and other similarly situated persons who opt in to the FLSA Collective damages in the amount of minimum wages, overtime compensation, and any other amounts owed, to be proven at trial;

G.  Award Plaintiff and other similarly situated persons who opt in to the FLSA Collective liquidated damages in an amount equal to the unpaid minimum wages and overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

H.  Award Plaintiff and the Rule 23 Class Members the amount of unpaid wages, minimum wages, overtime compensation, and any other amounts owed due to VITA's policies and practices, according to proof at trial;

I.  Award Plaintiff and the Rule 23 Class Members statutory penalties for VITA's failure to timely pay Plaintiff and Class Members outstanding wages and overtime compensation, as well as statutory penalties for VITA's willful violation of Colorado Wage and Hour Law;

J.  Award Plaintiff her reasonable attorneys' fees and costs;

K.  Award Plaintiff a service award for her time and efforts on behalf of the FLSA Collective and the Rule 23 Class;

L.  Award Plaintiff and Class Members pre-judgment interest at the highest lawful rate; and

M.  Award such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 24th day of June, 2020.

/s/ Adam M. Harrison
_____

David H. Miller (8405)
Adam M. Harrison (50553)
**Sawaya & Miller Law Firm**
1600 Ogden Street
Denver, Colorado 80218
720.527.4369
aharrison@sawayalaw.com

/s/ Claire E. Hunter
_____

Claire E. Hunter (39504)
**HKM Employment Attorneys LLP**
730 17th Street, Suite 750
Denver, Colorado 80202
chunter@hkm.com

*Attorneys for Plaintiff Victoria Price individually and on behalf of all others similarly situated*