IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01868-CMA-SKC

**VICTORIA PRICE**,
individually and on behalf of all
others similarly situated,

        Plaintiff,
  **v.**

**VITA LOCATORS, LLC**,

        Defendant.

**JOINT MOTION REQUESTING SETTLEMENT CONFERENCE AND STAY OF LITIGATION PENDING SETTLEMENT CONFERENCE**

The Plaintiff and the Defendant ("The Parties"), pursuant to D.C.COLO.LCivR 16.6, jointly request that the Court direct that a settlement conference be convened with Magistrate Judge S. Kato Crews and further request that this litigation be stayed until 30 days after the settlement conference is conducted, and as grounds for this request, state as follows:

1.  Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned certify that this Motion is filed on behalf of all parties.

2.  The Plaintiff filed this action on behalf of herself and a putative class consisting of individuals who worked for the Defendant as "Apartment Locators" ("Putative Class Members"). The Plaintiff alleges that the Defendant misclassified the Class Members as "independent contractors" and failed to pay them minimum wages and overtime compensation as required by the Fair Labor Standards Act and Colorado wage and hour law. The Plaintiff also alleges that the Defendant failed to provide her and the other Putative Class Members with rest breaks required by

Colorado law and to pay the Plaintiff wages that were due to her at the time of her termination. The Defendant substantively denies the Plaintiff's claims. Defendant affirmatively asserts that Ms. Price and members of the putative class of Apartment Locators were not hired as employees and that they controlled the method and means of their work as well as the number of hours they worked. Defendant further denies that class or collective certification should be granted.

3. The Parties' counsel have engaged in numerous early discussions regarding the nature of the Plaintiff's claims, the Defendant's business and its defenses to Plaintiff's claims, as well as the possibilities for an early resolution of this matter. Based on these discussions, at this time, counsel believe there is a reasonable likelihood that the Parties may be able to reach an early settlement in this matter. In particular, counsel believe there are no more than approximately 25-30 Putative Class Members that could possibly opt-in to the Fair Labor Standards Act collective action and counsel have further discussed that statistically speaking, it is unlikely there will be a 100% opt-in rate amongst the Putative Class Members, which means the FLSA collective the Plaintiff seeks to certify could be much smaller. Based on these discussions and to give the Parties an opportunity to explore an early settlement prior to incurring the costs associated with litigating a federal wage and hour class action lawsuit, the Parties have agreed: (1) to jointly request a settlement conference with Magistrate Judge S. Kato Crews; (2) to jointly request a stay of the litigation until 30 days after the settlement conference; (3) to engage in reasonable informal discovery prior to the settlement conference to help facilitate meaningful negotiations at the settlement conference; and, (4) to toll the statutes of limitations for putative FLSA collective members until 30 days after the settlement conference.

4. Under D.C.COLO.LCivR 16.6:

> Under 28 U.S.C. § 652, all litigants in civil actions shall consider the use of an alternative dispute resolution process. A district judge or a magistrate judge exercising consent jurisdiction may direct the parties to engage in an early neutral evaluation or other alternative dispute resolution proceeding. **To facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action** in whole or in part during a time certain or until further order.

(emphasis added)

5.  Counsel for both Parties' are experienced wage and hour class action attorneys who have had repeated opportunities to analyze and assess their clients' claims and defenses and the possibility of reaching an early settlement in wage and hour class action lawsuits. The Plaintiff's counsel have also previously appeared before this Court, been appointed as class counsel, and had class settlements approved in *Crepeau v. PDQ Truck, LLC,* 1:15-cv-02750-CMA-MLC and *Ortez v. United Parcel Service,* No. 17-cv-01202-CMA-SKC.[1] Counsel for Defendant also have experience with class settlements and have negotiated such settlements that have been approved in this jurisdiction, as well as other jurisdictions during the course of their legal practice. It is this experience which has lead both counsel to explore the possibility of early settlement and to agree to limited informal discovery before the settlement conference to ensure that enough information is exchanged to allow the Parties to engage in meaningful settlement negotiations. Accordingly, counsel for both Parties believe that a settlement conference at this early stage of the litigation will be of value. In fact, because the Parties have yet to expend substantial resources litigating

---

[1] Counsel were also appointed as class counsel by other Courts in this jurisdiction in *Banton v. Board of Governors of the Colorado State University,* No. 2018CV00793-PAB-MEH, *Johnson v. Colorado Seminary,* No. 17-cv-02074-PAB-KMT, *Collins v. DKL Ventures,* LLC, No. 16-cv-00070, *Nesbitt v. FCHN, Inc.,* No. 14-cv-0090, *Geiger et al. v. Z-Ultimate Self Defense Studios, LLC et al.*, Civil Action No. 14-cv- 00240-REB-NYW and in more than two dozen other state and federal cases.

3

conditional certification of an FLSA collective action, class certification under Fed. R. Civ. P. 23, de-certification, and/or a dispositive motion, an amicable resolution may be more likely now than after the Parties have invested in such efforts.

6.   Importantly, because there appear to be no more than approximately 25-30 Putative Class Members here, there is a possibility that the costs and attorney's fees that will be incurred during discovery and litigation of the Plaintiff's claim could exceed the Putative Class Members' damages in this case. Because there is a real possibility that this case could settle without incurring such expenses, the Parties respectfully ask that this litigation be stayed until after the settlement conference to allow both Parties to focus their efforts and resources exclusively on exchanging the agreed upon informal discovery and preparations for and attendance at a settlement conference with Magistrate Judge Crews.

7.   The Plaintiff is a young woman who cannot currently afford to pay the cost of a private mediation of class and collective claims that could prove to be complex and/or lengthy.

8.   For all these reasons, the Parties request that this Court allow a settlement conference to be conducted by Magistrate Judge Crews, as provided for in D.C.COLO.LCivR 16.6. As set forth above, the Parties respectfully submit that the interests of both fairness and judicial economy weigh in favor of granting this Motion.

   WHEREFORE, the Plaintiff and the Defendant jointly move the Court to:

   (1)   Order that a settlement conference be set with Magistrate Judge S. Kato Crews in this matter;

   (2)   Order that this matter be stayed until 30 days after the settlement conference is conducted;

4835-3752-4938.1

(3) Order the Plaintiff to file a status report no later than 14 days after the settlement conference is conducted, informing the Court whether the Parties have settled and, if the Parties have not settled, requesting that the Court set a status conference; and

(4) Order the Parties to file an amended proposed scheduling order 35 days after the settlement conference if the Parties do not settle at the settlement conference.

DATED this 4th day of September, 2020.

*/s/ Adam M. Harrison*

David H. Miller (8405)
Adam M. Harrison (50553)
**Sawaya & Miller Law Firm**
1600 Ogden Street
Denver, Colorado 80218
720.527.4369
aharrison@sawayalaw.com

*/s/ Claire E. Hunter*

Claire E. Hunter (39504)
**HKM Employment Attorneys LLP**
730 17th Street, Suite 750
Denver, Colorado 80202
chunter@hkm.com

*Attorneys for Plaintiff Victoria Price individually and on behalf of all others similarly situated*

*/s/ Abigail L. Brown*
Lucas T. Ritchie, #35805
Rebecca B. DeCook #14590
Abigail L. Brown #46172
**Moye White LLP**
16 Market Square, 6th Floor
1400 16th Street, Suite 600
Denver, CO  80202
Main:  (303) 292-2900
Lucas.ritchie@moyewhite.com

5

4835-3752-4938.1

Becky.decook@moyewhite.com
Abby.brown@moyewhite.com

*Attorneys for Defendant Vita Locators, LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of September, 2020, I filed the foregoing Motion through the CM/ECF system, generating true and accurate copies of this document to all counsel of record.

*/s/ Adam M. Harrison*

Adam M. Harrison

6

4835-3752-4938.1